UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

           -against-

ALEXIS VALDEZ,

                    Defendant.
-----------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/21/21_____
```

17-CR-487 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

      On April 15, 2021, Defendant Alexis Valdez filed a motion seeking a 120-day extension of the time to file a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255. (ECF No. 313.) Because the Second Circuit granted the Government's motion to dismiss Valdez's appeal of his conviction on May 22, 2020, Valdez states that the deadline for a Section 2255 petition is May 22, 2021. (*Id.* at 1; *see* ECF No. 292; 28 U.S.C. § 2255(f).) Valdez also seeks appointment of counsel in connection with his potential petition. (Mot. at 1.)

      Valdez's request for an extension must be denied. The Second Circuit has held that a district court may grant an extension to file a motion pursuant to Section 2255 only if the movant "requests the extension upon or after filing an actual section 2255 motion." *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001); *see also United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam) ("[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed."). The Court cannot construe Valdez's motion as an "actual" Section 2255 petition because it does not articulate any factual or legal basis for relief pursuant to Section 2255. *See Green*, 260 F.3d at 84. In such circumstances, courts in this district have declined requests to extend the available time for filing a Section 2255 petition. *See Cromitie v. United States*, 2017 WL 1383982, at *4 (S.D.N.Y. Apr. 7, 2017) (McMahon, J.)

(collecting cases).

The Court notes that Valdez has requested an extension because the "modified movement / lockdown status" imposed by the Bureau of Prisons during the COVID-19 pandemic has affected, among other things, his ability to conduct legal research. (Mot. at 1.)  If Valdez wishes to pursue relief pursuant to Section 2255, he must file a petition that contains allegations supporting such a claim. With that petition, however, he also may seek additional time to file a supplemental memorandum providing further support for his petition.

Valdez's request for appointment of counsel also is denied. The Criminal Justice Act allows courts to appoint counsel if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). The decision to appoint counsel "rest[s] in the discretion of the district court," and courts consider, among other factors, the apparent merits of the motion. *See United States v. Reddick*, 53 F.3d 462, 464-65, 465 n.2 (2d Cir. 1995). Valdez has expressed his intention to file a Section 2255 petition, but has not yet made any factual allegations or described the bases on which he intends to seek relief. (*See* Mot. at 1.) Accordingly, the Court denies the request for appointment of counsel, without prejudice. Valdez may renew his request upon the submission of a Section 2255 petition.

## CONCLUSION

For the reasons set forth above, Valdez's motion for 1) an extension of the time to file a Section 2255 petition and 2) appointment of counsel in connection with the potential petition is DENIED. The Clerk of Court is respectfully directed to mail a copy of this Order to Valdez.

SO ORDERED.

Dated: New York, New York
April 21, 2021

                                                                                   */s/ Kimba M. Wood*
                                                                                    KIMBA M. WOOD
                                                                       United States District Judge