UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-

ALEXIS VALDEZ,

        Defendant.
--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/22/2023__

17-CR-487 (KMW)
22-CV-7626 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Petitioner Alexis Valdez, proceeding *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Def.'s Mot., ECF No. 328.) Valdez argues that: (1) the Court improperly applied the career offender designation when calculating his sentence; (2) defense counsel was constitutionally ineffective because he failed to "move for any downward departures or variances"; and (3) there was an improper increase in the offense level calculation regarding Valdez's gun trafficking offense. (Def.'s Mem. Supp., ECF No. 328.) Because Valdez submitted his motion well after the one-year statute of limitations governing § 2255 motions, on September 21, 2022, the Court ordered Valdez to show cause as to why his motion should not be denied as time-barred. (Order, ECF No. 329.) On October 11, 2022, the Court received Valdez's response to that Order. (Decl., ECF No. 334.) For the reasons below, Valdez's motion is DENIED.

## BACKGROUND

The Court previously summarized the relevant procedural and factual history regarding Valdez's motion. (*See* Order at 1–3.) In pertinent part, Valdez is serving a 160-month sentence for conspiracy to distribute and possess with intent to distribute heroin and cocaine base, in

violation of 21 U.S.C. §§ 846, 841(b)(1)(B). (*See* J., ECF No. 266.) He is concurrently serving a 60-month sentence for unlicensed dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A). (*Id.*)

On April 15, 2021, Valdez filed a motion seeking an extension of the time to file a motion pursuant to § 2255. (ECF No. 313.) The Court, noting that Valdez's submission did "not articulate any factual or legal basis for relief pursuant to Section 2255," stated that it could not construe his motion as an "actual" § 2255 motion, *see Green v. United States*, 260 F.3d 78, 82–83 (2d Cir. 2001), and thus denied his extension request. (ECF No. 316.) In so doing, the Court stated that, "[i]f Valdez wishe[d] to pursue relief pursuant to Section 2255, he must file a petition that contains allegations supporting such a claim. With that petition . . . he may also seek additional time to file a supplemental memorandum providing further support for his petition." (*Id.* at 2.)

Valdez delivered the instant motion to prison authorities for mailing on August 17, 2022. (*See* Def.'s Mot.) Accordingly, the Court deems the motion filed as of that date. *See Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001) (extending the "mailbox rule" to *pro se* petitions for habeas relief); *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."). Valdez's time to file a § 2255 motion expired on August 17, 2021, one year after the deadline to file a petition for a writ of *certiorari* from the United States Supreme Court. *See* 28 U.S.C. § 2255(f). Because Valdez's motion was submitted well after August 17, 2021, it is facially untimely.

## LEGAL STANDARD

A federal prisoner may move the sentencing court to "vacate, set aside, or correct the

sentence" if he believes his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A one-year limitations period applies to § 2255 motions. *Id.* § 2255(f). This limitations period runs from the latest of several enumerated dates, one of which is "the date on which the judgment of conviction becomes final." *Id.*

Importantly, however, this "statute of limitations is not jurisdictional and 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Rivas v. Fischer*, 687 F.3d 514, 537–38 (2d Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted)). Instead, courts may equitably toll the period in appropriate cases. *Green*, 260 F.3d at 82. "To warrant equitable tolling, the circumstances of a case must be extraordinary." *United States v. Wright*, 945 F.3d 677, 684 (2d Cir. 2019) (internal quotations omitted). In making this determination, "the proper inquiry is not how unusual the circumstance alleged to warrant equitable tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with . . . [the] limitations period." *Id.* (internal quotations omitted). Moreover, "[e]ven when extraordinary circumstances exist . . . a petitioner must [still] demonstrate diligence to qualify for equitable tolling." *Id.* at 685.

To establish diligence, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). That is, there must be some "link of causation between the extraordinary circumstances and the failure to file[.]" *Id.*

## DISCUSSION

**I.     Valdez Has Not Established a Basis for Equitable Tolling of the Limitations Period**

Valdez asserts that "COVID 19 restrictions" and "the mailing system that was put in place" prevented him from timely filing his § 2255 motion. (Decl. at 1–2.)  In particular, he states that "law library computers were not available until recently when the prison began to open up." (*Id.* at 2.)  He also states that he "never received the memo-endorsement that the Court said was mailed to [him, and] therefore . . . still did not know when [his] 2255 motion was due."[1] (*Id.*)  Attached to Valdez's declaration are various memoranda from 2019 to 2022 sent to inmates at United States Penitentiary ("USP") Canaan, where he is incarcerated, addressing postal mail and COVID-19-related procedures. (*Id.* at 3–22.)

"As other courts have explained in similar circumstances, 'the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis,' and a petitioner seeking such relief must demonstrate that he was 'pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion.'" *Shaw v. United States*, No. 22-CV-6170, 2022 WL 2916324, at *4 (S.D.N.Y. July 25, 2022) (Sullivan, J.) (quoting *United States v. Henry*, No. 17-CR-180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020), *certificate of appealability denied*, No. 21-1285, 2021 WL 3669374 (3d Cir. June 3, 2021)) (collecting cases).  In addition, "the difficulties attendant on prison life, such as . . . lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances." *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005); *see also Boykin v. United States*, No. 10-CR-391, 2018 WL

---

[1]    As noted in the Court's September 9, 2022 Order, the Clerk's Office re-sent the memo-endorsement to Valdez's correct address on June 8, 2021, and that mailing was not returned as undeliverable. (*See* ECF No. 329.)

4855271, at *3 (S.D.N.Y. Sept. 21, 2018) (McMahon, J.) (lockdowns do not by themselves constitute extraordinary circumstances).

Valdez has failed to establish a basis for equitable tolling in this case. None of the explanations he offers in his declaration demonstrate that "extraordinary circumstances" prevented him from timely submitting his § 2255 motion. To the contrary, the limitations he describes are precisely the kind that courts in this circuit have declined to find sufficient to warrant equitable tolling.[2] In addition, he has not demonstrated that he was unable to submit any documents to the Court during the year preceding the date on which his conviction became final, as evidenced by the three submissions reflected on the docket during that time. (*See* ECF Nos. 295, 313, 320.) Finally, to the extent Valdez may be asserting that he was unaware of the specific statutory deadline for his filing, courts have held that "[i]gnorance of the law . . . is not sufficient to toll the statute of limitations." *Darby v. United States*, No. 11-CV-4453, 2011 WL 13127954, at *2 (S.D.N.Y. Aug. 31, 2011) (Batts, J.) (collecting cases). Accordingly, based on the record before it, the Court concludes that equitable tolling of the § 2255 statute of limitations is inappropriate in this case.

## II. Valdez's Motion Nevertheless Fails on the Merits

Even if Valdez had established that equitable tolling were warranted in this case, his motion would nevertheless fail on the merits. Valdez argues that: (1) the Court improperly applied the career offender designation when calculating his sentence; (2) defense counsel was constitutionally ineffective because he failed to "move for any downward departures or variances"; and (3) there was an improper increase in the offense level calculation regarding

---

[2] In addition, the changes in postal mail delivery described in the prison memoranda Valdez has provided apply to "general correspondence" sent to inmates at U.S.P. Canaan. (*See* Decl. at 3–4.) Those memoranda, however, specifically state that "[a]ll incoming special mail or legal mail," in addition to "[a]ll certified mail[,] will continue to be accepted at the institution." (*Id.*)

5

Valdez's gun trafficking offense.

Valdez asserts that his "2015 conviction for violating NYPL 220.39(1) does not qualify as a controlled substance predicate offense" and thus he should not have been designated a career offender. (Def.'s Mem. Supp. at 1–2.) Pursuant to the Sentencing Guidelines, the following requirements must be met to warrant career offender designation: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Accordingly, Valdez's argument amounts to a challenge to the third requirement.

Even if the drug offense conviction Valdez describes were not considered, the record reflects that Valdez still has two prior felony robbery convictions, among other convictions. (Presentence Investigation Report ("PSR") ¶¶ 70–71, ECF No. 281.) Those prior robbery convictions, in addition to the gun trafficking offense for which the Court sentenced him, qualify Valdez as a career offender pursuant to the Guidelines. Accordingly, Valdez has not established a basis for relief on account of a misapplication of the career offender designation.

Valdez also asserts that defense counsel rendered constitutionally ineffective assistance because "he [did] not move for any downward departures or variances" at sentencing. (Def.'s Mem. Supp. at 3.) This failure, in Valdez's view, "took the power away from the Judge." (*Id.*) Valdez's argument on this issue lacks merit.

The record shows that defense counsel sought a below-Guidelines sentence, which Valdez received. Defense counsel provided the Court with a thorough sentencing submission, in which he argued for "a sentence significantly below the advisory Guidelines range[.]" (Def's

Sent'g Mem. at 1, ECF No. 260.) Defense counsel also submitted a mitigation report in support of his argument for a below-Guidelines sentence. (ECF No. 261.) At sentencing, the Court stated that it had reviewed Valdez's sentencing submission and mitigation report, in addition to letters submitted on his behalf. (Sent'g Tr. 4:13–19, ECF No. 269.) Defense counsel also reiterated many of the arguments made in his sentencing submission. (Sent'g Tr. 5:4–9:6.) The Court, "account[ing] for everything [Valdez] suffered growing up . . . discount[ed] . . . [Valdez's] sentence," and imposed a sentence of 160 months on Count 1, well below the 188-month lower bound for that count as provided in the Sentencing Guidelines. (*Id.* 23:9–19; PSR at 23.)

Finally, with respect to Valdez's argument that a typo on one page of the Government's sentencing submission resulted in an improper increase of the offense level calculation for Valdez's gun trafficking offense, the record shows that this typo did not affect that offense level calculation. As detailed in the PSR, Valdez's offense level for the gun trafficking offense was increased by four levels because it involved at least eight firearms. (PSR ¶ 52.) Valdez argues that his offense level should have been calculated based on a count of seven and not eight firearms. (Def.'s Mem. Supp. at 3.) At sentencing, the Government stated that its sentencing submission "on page 2 . . . detailed that at seven firearms and a silencer, but there was a typo on page three where we say, sold eight firearms. We mean seven firearms." (Sent'g Tr. 20:17–21.) Because, as the Government's sentencing submission correctly notes, the Sentencing Guidelines treat a silencer as a firearm, the seven firearms and silencer involved in Valdez's gun trafficking offense resulted in a count of eight firearms for purposes of applying any offense level increase. *See* U.S.S.G. § 2K2.1(b)(1)(B); 18 U.S.C. § 921(a)(3). Accordingly, the increase as calculated in the PSR was not in error.

## CONCLUSION

For the foregoing reasons, Valdez's motion pursuant to 28 U.S.C. § 2255 is DENIED. Because Valdez has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith and thus Valdez may not proceed *in forma pauperis* for any such appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk is respectfully directed to close the motion at ECF No. 328 in case number 17-CR-487, and to mail a copy of this Opinion and Order to Valdez.

SO ORDERED.

Dated: New York, New York
March 22, 2023

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge